IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff-Respondent, | ) | Case No. | CV-08-318-S-BLW |
| | ) | | CR-05-36-S-BLW |
| v. | ) | | |
| | ) | | **MEMORANDUM DECISION** |
| RUBEN IRIBE-BELTRAN, | ) | | **AND ORDER** |
| | ) | | |
| Defendant-Movant. | ) | | |
| | ) | | |

Pending before the Court is Movant's Motion to Vacate, Set Aside, or

Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1), Motion to Appoint

Counsel (Docket No. 3), and Amended§ 2255 Motion (Docket No. 4).[1]  Having

reviewed the record, including the record in the underlying criminal case, and

being otherwise fully informed, the Court dismisses the § 2255 Motion and

Amended § 2255 Motion to the extent that they challenge his conviction and

sentence, and finds the Motion to Appoint Counsel denied in part and moot in part.

---

[1]  Unless otherwise noted, all further docket numbers will refer to the
underlying criminal case, Case No. CR-05-36-S-BLW.

**Memorandum Decision and Order - 1**

The Court also dismisses the portion of the Amended § 2255 Motion that pertains to matters other than Movant's conviction and sentence.

## BACKGROUND

Movant was arrested for driving without privileges following a traffic stop. The arresting officer had noticed that both Movant and his passenger appeared increasingly nervous throughout the encounter and provided inconsistent information. The condition of some parts of the interior of the vehicle noted during the roadside search incident to the arrest further aroused the officer's suspicion that Movant was involved in illegal activity. During a subsequent inventory search, the officer noted several other items that prompted him to obtain a search warrant. The search conducted pursuant to the warrant revealed 7.8 pounds of methamphetamine in a hidden compartment in the dashboard of the vehicle.[2]

Defense counsel filed a Motion to Suppress (Docket No. 25) asserting various grounds for challenging the stop and resulting search and seizure. However, prior to a hearing on the Motion, Movant entered into a plea agreement.

---

[2]  The information about the stop and the subsequent search and seizure was taken from the Presentence Report. *PSR* ¶¶ 9-22. According to the Affidavit of Probable Cause, Movant had been traveling 69 miles per hour in a posted 60-mile per hour zone. *See Mem. Supp. Mot. to Suppress*, Ex. A (Docket No. 26-2).

**Memorandum Decision and Order - 2**

Movant pled guilty to one count of conspiracy to distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  In return for his plea, the Government dismissed a related possession count.  At sentencing, he objected to the drug quantity calculated in the Presentence Report and argued that he was merely a "typical drug 'mule'" for whom the ten-year mandatory minimum was more than sufficient to meet the goals of sentencing.  *See Objection to Presentence Report* (Docket No. 45) and *Sentencing Memorandum* (Docket No. 46).  The Court sustained the objection to the drug quantity.  Accordingly, the Court found that the appropriate offense level was 31 which, with a criminal history category of I, yielded a guideline range of 108-135 months.  *See Minutes* (Docket No. 47).  However, because of the mandatory minimum, the range effectively became 120 to 135 months.  On November 28, 2005, the Court imposed a sentence of 135 months.  *Judgment* (Docket No. 51).

Movant did not appeal his sentence or conviction.  However, he filed the pending § 2255 Motion on August 4, 2008, almost three years after Judgment was entered.  In the § 2255 Motion, Movant contends that his attorney "threatened him into a plea" and threatened that he "would get life if [he] submitted an appeal."  He further alleges that his conviction was obtained by a coerced guilty plea, coerced

**Memorandum Decision and Order - 3**

confession, use of evidence obtained pursuant to an unconstitutional search and seizure, use of evidence obtained pursuant to an unlawful arrest, violation of the privilege against self-incrimination, unconstitutional failure of the prosecution to disclose evidence favorable to him, double jeopardy, ineffective assistance of counsel, and violation of the right of appeal.

Attached to his § 2255 Motion, with no explanation, are various documents such as the April 2006 Newsletter of ILS Services, Inc. directed to federal prisoners advising them the federal court does not have jurisdiction over their prosecution because Title 18 was "never enacted into positive law," a "Top Secret" excerpt from *Behold a Pale Horse* by William Cooper entitled *Treason in High Places* regarding the United Nations and the Sovereignty of the United States, and several unidentified pages essentially challenging the jurisdiction of the federal courts.

On June 24, 2009, Movant filed what purports to be in part a § 2255 Motion which the Court has construed as an amendment to his pending § 2255 Motion. In the Amended § 2255 Motion, Movant alleges ineffective assistance of counsel, prosecutorial and judicial misconduct, racial bias and profiling, illegal traffic stop, and illegal search and seizure. Given that he cites the recent Supreme Court case of *Arizona v. Gant* which limited the circumstances in which an arresting officer

**Memorandum Decision and Order - 4**

may search a vehicle following a traffic stop, the Court presumes he is asserting that the search was illegal under *Gant*. *See Arizona v. Gant*, 129 S.Ct. 1710 (2009). Further, he states he is a citizen of the United States and seeks asylum under 8 U.S.C. § 1158. Finally, he seeks a downward departure for diminished capacity and a compassionate release on the grounds that he is handicapped and crippled. As he did in the initial § 2255 Motion, he challenges the jurisdiction of the Court.

## REVIEW OF INITIAL § 2255 MOTION

### A.    Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). A motion filed pursuant to § 2255 must allege specific facts which, if true, would entitle an individual to relief. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996)).

Memorandum Decision and Order - 5

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If it does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the allegations are "palpably incredible or patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. *See Blackledge v. Allison,* 431 U.S. 63, 67 (1977); *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

**B.    Statute of Limitations**

**Memorandum Decision and Order - 6**

A § 2255 motion must be brought within one year of the latest of several possible dates, the only relevant one of which is the date on which the judgment of conviction became final.  28 U.S.C. § 2255(f)(1).

For purposes of § 2255(f)(1), a judgment of conviction becomes final when it "has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari denied."  *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).  In a case such as the present one, where there was no direct appeal, a judgment of conviction becomes final ten days after the district court enters judgment.  *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

Judgment was entered against Movant on November 28, 2005.  Therefore, his conviction became final on December 8, 2005, and the deadline for filing a § 2255 motion was December 8, 2006.  Movant, however, did not file his motion until August 4, 2008, almost two years after the deadline.  His purported amendment was filed a year later.

If a § 2255 motion is not timely filed under any of the provisions of subsection (f), a prisoner may be entitled to equitable tolling.  *See United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004).  Equitable tolling is available only

**Memorandum Decision and Order - 7**

when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is warranted in very limited circumstances. *Spitsyn*, 345 F.3d at 799.

Although the Court may raise a statute of limitations issue *sua sponte*, it may not dismiss the proceeding on those grounds without first giving Movant notice that his motion is subject to dismissal as untimely and an opportunity to respond as required by *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). Here, however, because Movant's claims are so clearly lacking in merit, it would be a waste of judicial resources to allow him an opportunity to respond.

The Court recognizes from the attachment to the Motion to Appoint Counsel and the attachments to the Amended § 2255 Motion discussed below that Movant apparently had a heart attack in August of 2006 which required surgery and problems related to diabetes commencing in approximately February of 2007 that ultimately led to amputation of one of his legs in the summer of 2007. Arguably, those circumstances *could* provide a legitimate excuse for *some* of the delay in filing. The Court will assume without deciding that he is entitled to equitable tolling and reach the merits of his claims without requiring the Government to respond.

**Memorandum Decision and Order - 8**

**C.     Discussion**

**1.     Jurisdictional Challenge**

Movant's challenges to the Court's jurisdiction in the form of the *Behold a Pale Horse* and ILS publications are clearly frivolous and subject to dismissal. The arguments advanced in those publications have been soundly rejected by numerous courts.  *See, e.g., United States v. Campbell*, 221 Fed. Appx. 459, *1 (7th Cir. 2007) (dismissing appeal as frivolous that asserted that 18 U.S.C. § 1321 which gives district judges jurisdiction to hear criminal prosecutions had no legal effect because the House and Senate did not vote on it in the same session of Congress);  *Burns v. Gunja*, No. 4:06-CV-1197-CDP, 2006 WL 2506032 (E.D.Mo. Aug. 29, 2006) (refusing to transfer § 2241 petition to correct district where allegation that United States' laws passed after the United Nations Treaty was signed are null and void to be "wholly incredible"); *Sandoval v. Beeler*, No. 05-CV-3467(NG), 2005 WL 3071598 (E.D.N.Y. Nov. 16, 2005) (unpublished) (dismissing § 2241 that was supported in part by a description of prisoners' rights under international law and a chapter from a book by William Cooper, *Behold a Pale Horse*).  *See also Cardenas-Celestino v. United States*, 552 F.Supp.2d 962 (W.D.Mo. 2008) (cataloguing numerous cases finding claims advanced based on ILS Services' publications to be "unbelievably frivolous," "factually incorrect,"

**Memorandum Decision and Order - 9**

"without a shred of validity," "mythical," "jailhouse lawyer's arguments du jour," and the like) (citations omitted)).[3]

## 2.    Unknowing and Involuntary Plea

A guilty plea is constitutionally valid only if it is "voluntary" and "intelligent." *Bousley v. United States,* 523 U.S. 614, 618 (1998) (citing *Brady v. United States,* 397 U.S. 742, 748 (1970)).  A guilty plea is deemed valid when a defendant is advised of the nature and elements of the charges against him and the possible punishment and understands that he is waiving his constitutional rights to avoid self-incrimination, to confront his accuser, and to have a jury decide his case. *See Brady*, 397 U.S. at 749.  Furthermore, to be valid, a plea must not be made based on threats, misrepresentations, or improper promises.  *Hill v. Lockhart,* 474 U.S. 52, 56 (1985).  *See also Doe v. Woodford*, 508 F.3d 563, 570, 572 (9th Cir. 2007) (recognizing that the decision to pled guilty can be difficult but noting that the fact that one might struggle with the decision and come to regret it later does

---

[3]  Many of the cases cited in *Cardenas-Celestino* are from district courts in Texas, and it appears that ILS is a Texas firm. *See Cardena-Celestino*, 552 F.Supp.2d at 966 (noting that "[t]his claim is part of a new rash of frivolous claims raised by prisoners across the country, many of whom have copied the arguments directly from Internet Websites which propound the argument and developed by a Texas firm, International Legal Services.").  Movant was previously in a BOP facility in Texas, so the Court assumes that he became aware of the argument while incarcerated there.

**Memorandum Decision and Order - 10**

not render it coerced).

Movant has not alleged how his plea was unlawfully induced or was involuntary other than to say that he did not understand the nature of the charge and the consequences of his plea.  Mere conclusory allegations are not sufficient to state a claim under § 2255.  Furthermore, the record belies his assertions.

The Court has listened to the tape of the change of plea hearing conducted by United States Magistrate Larry M. Boyle.  It reflects that Movant was placed under oath and was fully advised of the nature and elements of the charge to which he was pleading guilty and that the possible punishment was ten years to life.  He acknowledged that he was so advised and that he understood that he was waiving his constitutional rights to avoid self-incrimination, to confront his accuser, and to have a jury decide his case.  Furthermore, he admitted under oath that there was an interpreter present at all times and that he was satisfied with his counsel's representation.

Judge Boyle went over the Plea Agreement with him in detail, confirmed that it was read to him in Spanish, and confirmed that it was his signature that appeared at the end of the document.  Movant agreed with the Government's recitation of the factual basis for the charge, admitted that he knew the drugs were in the car, and that he was delivering the drugs to someone in Canyon County.  He

**Memorandum Decision and Order - 11**

thereafter entered his plea without hesitation once he clarified that he was only delivering the drugs and not selling them.

Statements made in open court at the time of a plea carry a strong presumption of verity and are entitled to great weight. *Chizen v. Hunter,* 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977); *see also U.S. v. Kazcynski,* 239 F.3d 1108, 1114-15 (9th Cir 2001) ("substantial weight" must be given to in-court statements). *See also Doe*, 508 F.3d at 572 (finding plea voluntary where defendant had participated in a thorough plea colloquy in which he answered that his plea was voluntary and that he had had enough time to discuss the plea with his attorney). Even though the presumption of verity is not necessarily an insurmountable barrier to an evidentiary hearing, the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (citations omitted).

A careful review of the record indicates that Movant has not overcome the strong presumption of the verity of his sworn statements made in open court with his subsequent conclusory allegations that are contradicted by the record.

### 3.    Pre-Plea Claims

**Memorandum Decision and Order - 12**

Movant alleges constitutional violations occurring prior to entry of his plea such as conviction obtained by use of coerced confession, unlawful search and seizure, unlawful arrest, violation of privilege against self-incrimination, failure of prosecution to turn over evidence favorable to him, and violation of protection against double jeopardy.

These claims are subject to dismissal for two reasons.  First, they appear to be merely a laundry list of possible claims completely untethered to any facts. Second, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  This is so because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."  *Id*.[4]

---

[4] The search and seizure claim is dismissible for a third reason.  Fourth Amendment claims of illegal search and seizure are not cognizable in § 2255 proceedings.  *See Stone v. Powell*, 428 U.S. 465, 486-89; 495 (1976) (reaffirming that the exclusionary rule exists to deter Fourth Amendment violations by law enforcement personnel rather than to remedy a wrong against a defendant and as such is a "judicially created remedy rather than a personal constitutional right"). *See also United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980) (citing *Stone*, holding that Fourth Amendment violation cannot be raised on collateral review); *Tisnado v. United States*, 547 F.2d 452, 456 (9th Cir. 1976) (applying *Stone* to § 2255 motions).

**Memorandum Decision and Order - 13**

### 4.      Ineffective Assistance of Counsel

Movant alleges "denial of effective assistance of counsel (non-zealous) and violator (sic) of the lawyer (sic) canon code of professional responsibility and of the U.S. Sixth Amendment."

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice.   *See Strickland v. Washington*, 466 U. S. 668 (1984).  Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel.  *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).  In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland*  test in either order.  *Strickland*, 466 U.S. at 697.  Furthermore, the Court need not consider one component if there is an insufficient showing of the other.  *Id.*

Once again, Movant's claim is totally devoid of any supporting facts and is simply a conclusory statement which is insufficient to state a claim.  However, even if his § 2255 Motion is very liberally construed to assert ineffective assistance of counsel for advising him to enter a plea before a decision on the Motion to Suppress was entered, his claim would fail.

Although *Stone v. Powell*, 428 U.S. 465 (1976), prohibits Fourth

**Memorandum Decision and Order - 14**

Amendment claims on collateral review, the Supreme Court has held that the *Stone* prohibition does not extend to ineffective assistance of counsel claims based on Fourth Amendment violations. *See Kimmelman v. Morrison*, 477 U.S. 365, 382-83 (1986).

Failing to pursue a motion to suppress once filed is akin to failing to file a motion to suppress at all. To prevail on a claim of ineffective assistance of counsel for failing to file a motion to suppress evidence seized in an unlawful search, a prisoner must prove (1) that his Fourth Amendment claim was meritorious, and (2) that there is a reasonable probability that the result of the proceeding would have been different absent the excludable evidence. *Kimmelman*, 477 U.S. at 375.

Here, the Motion to Suppress was primarily based on the arguments (1) that questioning Movant about matters unrelated to the traffic stop rather than immediately asking for his driver's license, registration, and proof of insurance exceeded the permissible scope of the traffic stop, and (2) that the roadside search exceeded the proper scope of a search incident to arrest. He further argued, among other things, that without the evidence obtained during the allegedly illegal stop and in the allegedly illegal search incident to arrest and subsequent inventory search, there would have been no probable cause for issuing the warrant. The case law at the time was not in Movant's favor.

**Memorandum Decision and Order - 15**

As to the first ground, the Supreme Court had then recently decided that an officer did not need reasonable suspicion to expand questions beyond those related to the initial purpose of the stop.  *See Muehler v. Mena*, 544 U.S. 93, 101 (2005). *See also United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007) (noting that *Muehler* overruled *United States v. Perez*, 37 F.3d 510 (9th Cir. 1994) to the extent that expanded questioning must be supported by separate reasonable suspicion).

As to the second ground, under the prevailing case law at the time, the search incident to arrest would have been upheld pursuant to *New York v. Belton*, 453 U.S. 454 (1981), and *Thornton v. United States*, 541 U.S. 615 (2004).  *Belton* held that officers may search the passenger compartment of a vehicle as well as any containers in the compartment incident to the arrest of an occupant of the vehicle.  *Belton,* 453 U.S.  at 460.  *Thornton* extended the *Belton* rule to include recent occupants of a vehicle.  *Thornton*, 541 U.S. at 617.  Numerous Ninth Circuit cases followed the *Belton* rule.  *See, e.g., United States v. Weaver*, 433 F.3d 1104, 1106 (9th Cir. 2006); *United States v. Dorsey*, 418 F.3d 1038, 1041 (9th Cir. 2005); *United States v. Osife*, 398 F.3d 1143, 1144 (9th Cir. 2005); and *United States v. Nelson*, 102 F.3d 1344, 1346-47 (9th Cir. 1996).

The Court notes that defense counsel apparently did not feel that his argument against the search incident to arrest would prevail.  Indeed, he stated

**Memorandum Decision and Order - 16**

"Mr. Beltran is aware the Court will feel bound by established precedent in this regard.  Therefore, he notes that the resolution of this issue will likely not make a difference in the final ruling of the Court."  *Mem. Supp. of Mot. to Suppress* 8 (Docket No. 26).

Because it is apparent that the Motion to Suppress was not meritorious, Movant's claim of ineffective assistance of counsel must fail.

### 5.    Denial of Right of Appeal

The Court will construe this claim as one for ineffective assistance of counsel for failure to file a right of appeal.  Failure to file a notice of appeal despite a defendant's specific instructions to do so constitutes ineffective assistance of counsel in violation of the Sixth Amendment.  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  *See also  United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196-98 (9th Cir. 2005).  However, Movant does not allege that he told his counsel to appeal.  He merely makes the "palpably incredible" claim that defense counsel "threatened me by saying that I would get life if I submitted an appeal."  *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977) ("palpably incredible" or "patently frivolous or false" allegations warrant summary dismissal).

### REVIEW OF AMENDED § 2255 MOTION

As stated above, Movant's Amended § 2255 Motion contains several

**Memorandum Decision and Order - 17**

unsubstantiated claims similar to those asserted in his § 2255 Motion; namely, ineffective assistance of counsel, prosecutorial misconduct in withholding favorable evidence, illegal search, and lack of jurisdiction. These claims are subject to dismissal for the reasons stated above. New to the Amended § 2255 Motion are claims of judicial misconduct and racial profiling regarding the search. These claims are subject to dismissal on the grounds that they are simply vague and conclusory allegations unsupported by any facts whatsoever.

To the extent that Movant may be relying on *Arizona v. Gant* to bolster his illegal search and seizure claim, his claim must also fail. The Court is aware that *Gant* recently narrowed the applicability of *Belton* to situations where "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" and where "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *See United States v. Gant*, 129 S.Ct. 1710, 1714, 1719 (2009). As stated above, *Gant* was not the law at the time of his arrest. *See Ingram v. City of Los Angeles*, 2009 WL 1396833, *1 n.1 (9th Cir. May 20, 2009) (unpublished) (noting in the context of a § 1983 action that *Gant* was not clearly established law at the time of the incident in question). Furthermore, there is no indication in the record that Movant was secured and out of reaching distance

**Memorandum Decision and Order - 18**

to the vehicle at the time of the search.[5]

## CLAIMS UNRELATED TO CONVICTION

Movant entitles his Motion for Appointment of Counsel as an Appendix to his § 2255 Motion.  In it, he alleges civil rights violations against the Bureau of Prisons "or some branch of the United States Government" arising out of allegedly improper medical care received while incarcerated at the United States Penitentiary in Beaumont, Texas, that resulted in the amputation of one leg below the knee.  To the extent that Movant is alleging that the improper medical care constituted Eighth Amendment violations, Movant's remedy would be to file a *Bivens* action in the district court in which the institution is located against the individuals at the Texas prison facility.  *See Castaneda v. United States*, 546 F.3d 682 (9th Cir. 2008) (citing *Carlson v. Green*, 446 U.S. 14 (1980)).

He further asserts that he is forced to take high blood pressure medication under threat of being put in segregation.  Claims dealing with conditions of confinement should be brought in a habeas petition pursuant to 28 U.S.C. § 2241 in the district court for the district in which the institution is located.  However, it

---

[5]  It is interesting to note that defense counsel here had somewhat presciently advanced arguments similar to those made by the defendant in *Gant* critical of the broad interpretation of *Belton*.  *See Mem. Supp. Mot. to Suppress* (Docket No. 26).

**Memorandum Decision and Order - 19**

appears that this claim is moot given that it appears that Movant is no longer in the Texas facility at which he was incarcerated at the time he made this allegation.

In his Amended § 2255 Motion, Movant requests a compassionate release or downward departure on the grounds of diminished capacity and his "handicapped" condition based on the amputation of his leg. This Court has no jurisdiction to initiate a compassionate release. Rather, an inmate must submit a written request for a compassionate release to the Warden of the facility in which he is incarcerated. *See* BOP Policy Statement 5050.46. If the request is granted, the Bureau of Prison will file a motion for release under 18 U.S.C. § 3582(c)(1)(A) for consideration by this Court. The Court would grant the motion only if it found that "extraordinary and compelling reasons" warranted a sentence reduction. The Court notes that Movant is now incarcerated at the Medical Center for Federal Prisoners in Springfield, Missouri. Movant should submit a written request for compassionate release to the Warden of that facility.

In his Amended § 2255 Motion, Movant also appears to be requesting asylum pursuant to 8 U.S. C. § 1158. It is unlikely that Movant, a citizen of Mexico, would qualify for asylum. In any event, an application for asylum must be made to the Attorney General. Naming the Attorney General in an action filed with the sentencing court is not sufficient.

**Memorandum Decision and Order - 20**

## MOTION FOR APPOINTMENT OF COUNSEL

Movant requests appointment of counsel under 18 U.S.C. § 3006A.  It is unclear whether he requests counsel for the § 2255 proceeding or to seek redress for his medical claims.  Section § 3006A does not apply to civil matters.  Therefore, the Motion is denied to the extent that it seeks counsel to pursue his medical claims.  Although the Court has the discretion under § 3006A to appoint counsel for § 2255 proceedings, given its resolution of Movant's claims, the motion is moot to the extent that it requests assistance of counsel in this § 2255 proceeding.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Ruben Iribe-Beltran's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1) and Amended § 2255 Motion (Docket No. 4) are DISMISSED.

IT IS FURTHER HEREBY ORDERED that Ruben Iribe-Beltran's Motion for Appointment of Counsel (Docket No. 3) is DENIED in part and MOOT in part.

IT IS FURTHER HEREBY ORDERED that Case No. CV-08-318-S-BLW is DISMISSED with prejudice.

**Memorandum Decision and Order - 21**

DATED:  **July 1, 2009**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 22**